UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PIRANHA RENTALS, LLC**                                        **CIVIL ACTION**

**VERSUS**                                                              **No. 15-6893**

**JED LATKIN ET AL.**                                              **SECTION I**

## ORDER

Defendants, Jed Latkin ("Latkin") and Freedom Well Services, LLC ("Freedom Well"), have filed a motion[1] to dismiss this action pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.[2]  With the consent of all parties, Latkin has already been dismissed from the case.[3]  Accordingly, the motion is moot as it pertains to him, and the Court addresses only whether a dismissal of Freedom Well is appropriate.

The Court concludes that because plaintiff has filed no response to the motion, it should be granted as unopposed.  Furthermore, and irrespective of the fact that plaintiff has failed to file an opposition, the Court agrees with Freedom Well that a dismissal is warranted pursuant to Rule 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process.[4]

---

[1] R. Doc. No. 8.
[2] Each of these defenses was originally asserted in defendant's answer to the complaint.  *See* R. Doc. No. 5, at 1–2.
[3] R. Doc. No. 11.
[4] Because the Court determines that this suit should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5), the Court need not reach defendant's arguments for dismissal under Rule 12(b)(2) for lack of personal jurisdiction. *See Bova v. Pipefitters & Plumbers Local 60, AFL–CIO*, 554 F.2d 226, 227–28 & n. 7 (5th Cir. 1977) (concluding that, because plaintiff failed to state a claim on which relief could be granted, it was "unnecessary to decide whether several of the defendants were properly subjected to the personal jurisdiction of the district court").

**LAW AND ANALYSIS**

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id*. "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Freedom Well seeks dismissal for insufficient process, Rule 12(b)(4), and insufficient service of process, Rule 12(b)(5). Although Rules 12(b)(4) and 12(b)(5) may appear to be similar, there is a distinction. "Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served." *Wagster v. Gauthreaux*, No. 12-00011-SDD, 2013 WL 5554104, at *1 (M.D. La. Oct. 7, 2013) (internal quotations and citation omitted). Rule 12(b)(5), in contrast, "allows for the dismissal of a complaint for insufficiency of service of process." *Id.*

Although Freedom Well does not distinguish between the rules in its motion, the Court nevertheless concludes that both rules are applicable under the unchallenged facts alleged by Freedom Well. Rule 12(b)(4) is applicable because, as explained below, plaintiff attempted to serve both Latkin and Freedom Well at the same time, and the attempted service improperly named the defendants as "Jed Latkin d/b/a Freedom Well Services Co.,"[5] when they are in fact separate legal entities.[6] Rule 12(b)(5) is applicable because, even if the attempted service had "properly

---

[5] *See* R. Doc. No. 1-2, at 3.
[6] *See* R. Doc. No. 5, at 2; R. Doc. No. 3.

name[d] the party on whom the summons and complaint were served," *Wagster*, 2013 WL 5554104, at *1, the service would nevertheless be ineffective.

Defendant's motion almost exclusively addresses service on Latkin, as opposed to service on Freedom Well.  Defendant argues that service on Latkin was improper because it was sent to his parents' home in New Jersey instead of to Latkin's domicile.[7]  In reference to Freedom Well, the motion simply asserts that "service was never requested on Freedom Well, a separate juridical entity" from Latkin.[8]

As an initial matter, it is clear that service on the home of Latkin's parents did not constitute effective service of process on Freedom Well, a Texas limited liability company ("LLC").  Indeed, Rule 4(h)(1) provides only two methods of serving an LLC located in the United States, neither of which permits an LLC to be served via the parents of its Chief Executive Officer.[9]

Absent good cause shown, Rule 4(m) gives a plaintiff 90 days after the complaint is filed to serve a defendant.  The 90–day timeline begins to run as soon as the complaint is filed, and a subsequent removal of the case from state to federal court does not affect its running.  *See Mabon v. Park One of Louisiana, Inc.*, No. 01-990, 2001 WL 877530, at *1 (E.D. La. Aug. 2, 2001) (noting, in a removed case, that Rule 4(m) began to run on the date the state court petition was filed); *Gordon v. Fid. Nat. Ins. Co.*, No. 07-9711, 2008 WL 1767001, at *1 (E.D. La. Apr. 15,

---

[7] *See* R. Doc. No. 8.
[8] R. Doc. No. 8-2, at 4.
[9] Rule 4(h)(1) provides that a plaintiff may effect service either under state law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."  *See Pellerin-Mayfield v. Goodwill Industries*, 2003 WL 21474649, *1, *1 (E.D. La. 2003) (Vance, J.).  Louisiana law does not allow an LLC to be served via the parents of a company agent.  *See* La. Code Civ. P. art. 1266(A), 1267, 1232.

2008) (same).  Plaintiff filed its state court petition naming Freedom Well as a defendant on November 13, 2015.[10]  More than 90 days have passed since then.

Pursuant to Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within a 90–day period: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m).  If, however, the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.  *Id*; *see also Wesenberg v. New Orleans Airport Motel Associates TRS, LLC*, No. 14-1632, 2015 WL 5599012, at *1 (E.D. La. Sept. 22, 2015) (Vance, J.).

Plaintiff's failure to file an opposition to Freedom Well's motion means not only that plaintiff has failed to carry its burden of establishing the validity of service, *Aetna Bus. Credit, Inc.*, 635 F.2d at 435, but also that plaintiff has failed to show "good cause for the failure" to serve under Rule 4(m).  Fed. R. Civ. P. 4(m).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** with respect to Freedom Well, who is **DISMISSED WITHOUT PREJUDICE**.  The motion is **DENIED** as moot with respect to Latkin.

New Orleans, Louisiana, February 19, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. No. 1, at 1.